OPINION of the Court, by
Ch. J. Boyie.
Leesóíá a tract of land to Palmer, and took his obligation for the payment of the purchase money; and Palmer sold the same tract to Campbell, who paid Palmer and was put into possession by him. But Palmer failing to pay Lee, the latter brought suit, and Adair became Palmer’s appearance bail, in Which character judgment was rendered against him; and having been compelled to pay part of the money, he filed this bill to subject the land to sale for his indemnity, or for such other and further relief as might be agreeable to equity.
It is plain that the land can be sold for the indemnity of Adair only upon the principle that by paying a part of the purchase money, as appear anee bail for Palmer* he thereby acquired a specific lien upon the land. But this principle cannot be admitted to be correct. There, is no doubt that the vendor retains a lien upon the land for the payment of the purchase money ; hut this lien is founded upon the presumed intention of the parties, and any circumstance which repels that presumption, will destroy the lien, or rather prove that it does riot exist; as where the vendor takes personal surety from the vendee, or a mortgage upon other land, or the like. From the very nature of the thing, therefore, this lien cannot be claimed by a third person who advances the money. If such third person became a surety in the original contract for the payment of the money, then there could exist no lien in the vendor, and consequently none could be transferred from him to such third person j and if a third person who is a stranger to the original contract (as is the case, with Adair in this case) advances the money, then it ⅛ evident as there is no contract or privity between him. and the vendor, that there can be no presumption that the latter has transferred to him the lien which he held upon the land. This doctrine applies with additional force to this case, as the money was not advanced voluntarily, but by coercion : for it would be preposterous to suppose, that a man who pays the money by compulsion, advances it upon the credit of a lien upon the land.
The bill was therefore properly dismissed as to Lee and Campbell, and must so far be affirmed with costs $ but as Palmer has admitted the payment of the money1 íqr him by Adair, and has alleged nothing which tends *14 to oppose or destroy Adairis right of recovery, the bi!| was erroneously dismissed as to him. As to him, there* fore, the decree must be reversed with costs.